UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT O'BRIEN,<br><br>  Plaintiff,<br><br> v.<br><br>CALIBER HOME LOANS, INC., et al.,<br><br>  Defendants. | Case No. 15-cv-02623-JST<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION**<br><br>Re: ECF Nos. 11, 12 |

Before the Court are Defendant Caliber Home Loans, Inc.'s ("Defendant") Motion to Dismiss and Motion to Expunge Pendency of Action. ECF Nos. 11, 12. For the reasons set forth below, the Motion to Dismiss is granted with leave to amend, and the Motion to Expunge is denied without prejudice.

## I.  BACKGROUND[1]

In September 2005, Plaintiff Robert O'Brien borrowed $1,596,275 from Washington Mutual Bank to finance the purchase of a property in Larkspur, California. ECF No. 11-2, Exhibit A; ECF No. 1-1 at 5. In February 2012, JP Morgan Chase Bank ("Chase"), the assignee lender, modified Plaintiff's loan. ECF No. 11-2, Exhibit B. In March 2014, Plaintiff "fell behind" on the modified loan. ECF No. 1-1 ("Complaint") ¶ 4. In October 2014, Chase recorded a Notice of Default and Election to Sell Under Deed of Trust and commenced non-judicial foreclosure proceedings. ECF No. 11-2, Exhibit C. Plaintiff then contacted Chase to apply for another loan

---

[1] On a motion to dismiss, the Court assumes the truth of all factual allegations in the complaint. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Defendant has also requested that the Court take judicial notice of four documents: (1) a copy of the underlying deed of trust; (2) a copy of a loan modification agreement; (3) a copy of a notice of default; and (4) a copy of a notice of trustee sale. ECF No. 11-2, Exhibits A–D. All four documents have been recorded in the Marin County Recorder's Office. The Court will take judicial notice of these documents because they are all "matters of public record," which are generally subject to judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted).

1   modification. Complaint ¶ 6. Before Chase made a decision on Plaintiff's loan modification
2   application, Chase transferred the servicing rights of the loan to Defendant in January 2015. Id. ¶
3   7. At that time, Defendant advised Plaintiff that his pending loan modification application with
4   Chase would not transfer to Defendant and that Plaintiff would need to submit a new loan
5   modification application to Defendant. Id. ¶ 8. Plaintiff does not allege that he ever submitted a
6   new loan modification application to Defendant.

7   In February 2015, Defendant recorded a Notice of Trustee's Sale with a sale date of
8   March 4, 2015. Id. ¶ 9. Subsequently, Plaintiff entered into a written repayment agreement with
9   Defendant that allowed Plaintiff to make a single $28,000 payment followed by payments of
10  $8,000 per month in addition to Plaintiff's monthly mortgage payments. Id. ¶ 10. Plaintiff paid
11  Defendant $28,000 on February 28, 2015. Id. ¶ 11.

12  In March 2015, Plaintiff "received a diagnosis of a potentially malignant tumor and
13  required an emergency operation." Id. ¶ 12. Plaintiff apparently contacted Defendant, and
14  Defendant's representative verbally "agreed to allow plaintiff to pay late for the March payment."
15  Id. Plaintiff did not make his March payment. Instead, prior to April 28, 2015, Plaintiff contacted
16  Defendant to arrange to make a combined payment for March and April. Id. ¶ 13. However,
17  "another representative reneged on the arrangement and insisted that [Defendant] would complete
18  a sale." Id. ¶ 13. Defendant postponed the March 4, 2015 sale date to May 12, 2015. Id. ¶¶ 14,
19  18. Plaintiff does not allege that a foreclosure sale has occurred yet.

20  On May 8, 2015, Plaintiff filed a complaint in Marin Superior Court, alleging wrongful
21  foreclosure, "dual tracking" in violation of California Civil Code section 2923.6, and breach of
22  contract. Complaint ¶¶ 19–30. On June 11, 2015, Defendant removed the case to federal court.
23  ECF No. 1. On August 13, 2015, Defendant filed a Motion to Dismiss and a Motion to Expunge
24  Notice of Pendency of Action, ECF Nos. 11, 12, which motions the Court now considers.[2]

---

[2] At the parties' request, the Court stayed the case on October 8, 2015 to accommodate the parties' settlement efforts. ECF No. 26. The parties' efforts were unsuccessful, and the Court lifted the stay on December 9, 2015. ECF No. 28.

## II. JURISDICTION

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are diverse because Plaintiff is a citizen of California and Defendant is a business incorporated under the laws of Delaware with its principal place of business in Texas. Complaint ¶¶ 1, 2. The amount in controversy requirement is met because Plaintiff alleges that he stands to lose "over $1,000,000.00 in equity" if a foreclosure sale is allowed to proceed. Id. ¶ 4.

## III. LEGAL STANDARD

### A. MOTION TO DISMISS

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must determine whether a plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Courts accept the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 556 U.S. at 678. "As a general rule, a district court may not consider any material beyond the pleadings in a ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). However, when evaluating the adequacy of a complaint, courts may consider exhibits that are subject to judicial notice. Swartz v. KPMG, LLP, 476 F.3d 756, 763 (9th Cir. 2007).

If a court dismisses a complaint under Rule 12(b)(6), the court must determine whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d

1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

### B.     MOTION TO EXPUNGE PENDENCY OF ACTION

"A party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged." Cal. Code Civ. Pro. § 405.20. "The California lis pendens statute requires the trial court to expunge the lis pendens if the 'claimant has not established by a preponderance of the evidence the probable validity of the real property claim.'" Orange Cnty. v. Hongkong & Shanghai Banking Corp. Ltd., 52 F.3d 821, 823–24 (9th Cir. 1995) (citing Cal. Code Civ. Pro. § 405.32). "'Probable validity' . . . means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." Cal. Code Civ. Pro. § 405.3.

## IV.    ANALYSIS

### A.     Wrongful Foreclosure

To sustain a claim for wrongful foreclosure under California law, "a plaintiff must allege that (1) the defendants caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust; (2) the plaintiff suffered prejudice or harm; and (3) the plaintiff tendered the amount of the secured indebtedness or was excused from tendering." Chavez v. Indymac Mortgage Servs., 219 Cal. App. 4th 1052, 1062 (2013); see also Smith v. JPMorgan Chase Bank, N.A., No. 14-cv-01654-RGK, 2014 WL 6886030, at *4 (C.D. Cal. Nov. 26, 2014) ("It is clear that a cause of action for [wrongful foreclosure] cannot be maintained when no foreclosure actually took place."). Because Plaintiff does not allege that a sale has taken place, Plaintiff's wrongful foreclosure claim must be dismissed. See Tamburri v. Suntrust Mortgage, Inc., No. 11-cv-02899-JST, 2013 WL 4528447, at *6 (N.D. Cal. Aug. 26, 2013) (entering summary judgment "against Plaintiff on her wrongful foreclosure claim because no sale ha[d] taken place"), aff'd Tamburri v. SunTrust Mortgage, Inc., 623 F. App'x 878 (9th Cir. 2015) ("Tamburri's claim for wrongful foreclosure under Cal. Civ.Code § 2924 fails because her property has not been sold.").

Instead, Plaintiff argues that Defendant has violated California Civil Code section 2924(a)(5), which provides:

4

> Until January 1, 2018, whenever a sale is postponed for a period of at least 10 business days pursuant to Section 2924g, a mortgagee, beneficiary, or authorized agent shall provide written notice to a borrower regarding the new sale date and time, within five business days following the postponement . . . . Failure to comply with this paragraph shall not invalidate any sale that would otherwise be valid under Section 2924f. This paragraph shall be inoperative on January 1, 2018.

However, "nonconformance of this notice requirement provides little for this Court to remedy outside of setting aside the foreclosure proceedings." Penaloza v. Select Portfolio Servicing Inc., No. 14-cv-02571, 2014 WL 6910334, at *4 (C.D. Cal. Dec. 8, 2014). Even assuming that Defendant had a duty under section 2924(a)(5), the Court finds Plaintiff's claim moot because Plaintiff does not allege that a sale has occurred and does not allege a pending sale date. See Penaloza, 2014 WL 6910334, at *4 ("Given that [the] date of the foreclosure sale has not [been] determined, Defendants' acts have not caused any harm to the Plaintiff as of yet."). Indeed, Plaintiff does not suggest any remedy for the alleged violation of section 2924(a)(5). ECF No. 20 at 2.

Accordingly, the Court dismisses Plaintiff's wrongful foreclosure claim without prejudice.

### B.   "Dual Tracking" in Violation of California Civil Code § 2923.6

Dual tracking "is the practice of pursuing foreclosure proceedings while a borrower's loan modification application is still pending." Johnson v. PNC Mortgage, No. 14-cv-02976-LB, 2014 WL 3962662, at *8 (N.D. Cal. Aug. 12, 2014). California Civil Code section 2923.6(c) provides:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs . . .

Plaintiff's "dual tracking" claim fails for two reasons. First, the statute does not apply where the borrower has previously been evaluated for a loan modification. See Cal. Civ. Code § 2923.6(g) ("[T]he mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a

first lien loan modification . . . ."). Here, Chase modified Plaintiff's loan in February 2012. ECF No. 11-2, Exhibit B. Although Defendant, who took over the servicing of Plaintiff's loan from Chase, never modified Plaintiff's loan, this fact does not affect the Court's analysis. See Mann v. Bank of Am., N.A., No. 13-cv-02293, 2014 WL 495617, at *4 (C.D. Cal. Feb. 3, 2014) (stating that a second loan servicer "was under no obligation to consider plaintiffs' renewed application for a loan modification, and thus [is] not liable for any alleged violations of § 2923.6" because plaintiffs were offered, and did not accept, the first loan servicer's proposed loan modification).

Second, even if Plaintiff had not already received a loan modification, California Civil Code section 2923.6 applies only where the borrower "submits a complete application." Cal. Civ. Code § 2923.6(c). A loan modification application is considered complete "when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer." Cal. Civ. Code § 2923.6(h). Plaintiff has not alleged that he submitted a loan modification application to Defendant. Complaint ¶¶ 6–8. Indeed, Plaintiff alleges that in January 2015, Defendant "told plaintiff that his pending [loan modification] application [with Chase] did not transfer [to Defendant after Defendant took over the servicing of Plaintiff's loan from Chase] and that [Plaintiff] would have to start the process over with [Defendant]." Id. ¶ 8.

Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's "dual tracking" claim with leave to amend.[3]

### C. Breach of Contract and Promissory Estoppel

Plaintiff argues that Defendant's oral promise to allow for the postponement Plaintiff's March mortgage payment, and Plaintiff's reliance on such a promise, formed an enforceable contract, which Defendant breached when it subsequently decided to proceed with foreclosure proceedings. ECF No. 21 at 3–5. Plaintiff does not dispute that the alleged oral modification of

---

[3] In his Opposition to Defendant's Motion to Dismiss, Plaintiff essentially concedes that his claim under California Civil Code section 2923.6(c) fails to state a claim. See ECF No. 21 at 3 ("[Defendant] has identified an exception to California's dual tracking prohibition where a loan has previously been modified . . . ."). Plaintiff's Opposition instead argues that Plaintiff has stated a "dual tracking" claim under federal law. Id. Because the Complaint does not include any mention of a federal "dual tracking" claim, the Court will not address the merits of Plaintiff's argument in this respect.

6

Plaintiff's written repayment agreement with Defendant, Complaint ¶ 12, is subject to the statute of frauds and would therefore generally be invalid unless it was made in writing. See Raedeke v. Gibraltar Sav. & Loan Assn., 10 Cal. 3d 665, 673 (1974) ("In the absence of consideration,[4] a gratuitous oral promise to postpone a sale of property pursuant to the terms of a trust deed ordinarily would be unenforceable under [California Civil Code] section 1698."). Rather, Plaintiff argues that under the doctrine of promissory estoppel, Defendant "should be estopped from asserting the statute of frauds because Plaintiff missed the [March] payment and paid for cancer treatment[5] after [Defendant] expressly told him that [Defendant] would accept a double payment the next month." ECF No. 21 at 5 (citing Garcia v. World Savings, FSB, 183 Cal. App. 4th 1031, 1040 n.10 (2010) ("A party is estopped to assert the statute of frauds as a defense where the party, by words or conduct, represents that he will stand by his oral agreement, and the other party, in reliance upon that representation, changes his position, to his detriment.") (internal quotation marks omitted)).

Under California law, "a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Jones v. Wachovia Bank, 230 Cal. App. 4th 935, 945 (2014) (internal quotation marks omitted). "The elements of a promissory estoppel claim are (1) a promise clear and unambiguous in its terms;

---

[4] The Court concludes that Plaintiff has failed to plead that he provided consideration for the oral modification of the written repayment agreement. Plaintiff argues that he "procured resources while he was suffering through cancer treatment to perform pursuant to the agreement as promised by Defendant, and likewise that procurement was not originally part of the bargain." ECF No. 21 at 4. However, the Complaint does not allege that Plaintiff provided any consideration to Defendant above and beyond that which Plaintiff was already required to provide under the terms of the written repayment agreement. See U.S. Ecology, Inc. v. State of California, 92 Cal. App. 4th 113, 129 (2001) ("A promise to perform a preexisting legal duty is not supported by consideration."). Indeed, the Complaint alleges that Plaintiff merely attempted to comply with the terms of the oral modification by "garnering his resources to pay both [the] March and April [mortgage payments] by the April due date." Complaint ¶ 29. The terms of the written repayment agreement already required Plaintiff to make these payments. Accordingly, the Court concludes that Plaintiff has failed to plead that he provided any consideration for the oral modification.

[5] The Complaint does not allege that Plaintiff paid for his cancer treatment using funds that he would have otherwise used to make his March mortgage payment. See Complaint ¶ 12.

(2) reliance by the party to whom the promise is made; (3) the reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance." Id. (internal quotation marks omitted).

The Complaint alleges that Defendant "agreed to allow plaintiff to pay late for [his] March payment," Complaint ¶ 12, but that Defendant subsequently "reneged on the arrangement and insisted that [Defendant] would complete a sale" of Plaintiff's house, id. ¶ 13.  While these allegations might be sufficient to plead the first element (a clear and unambiguous promise) and third element (reasonableness and foreseeability of reliance) of a promissory estoppel claim, the Complaint does not sufficiently plead the second element (detrimental reliance).  Although Plaintiff appears to assert that he relied on Defendant's alleged oral promise by not paying his March mortgage payment, see Complaint ¶ 29 ("[Defendant] promise[d] to allow plaintiff to make up his missed Marched payment, and [Plaintiff] later [made] efforts to comply by garnering his resources to pay both March and April [mortgage payments] by the April due date . . . ."), it is unclear from the Complaint whether Plaintiff had the ability to make the March mortgage payment in a timely manner in the first place, see Complaint ¶ 12 ("Plaintiff received a diagnosis of a potentially malignant tumor and required an emergency operation.  A Caliber representative agreed to allow plaintiff to pay late for the March payment.").  If Plaintiff did not have the ability to make his March mortgage payment before the alleged oral agreement, then the Court could not conclude that Plaintiff made a "substantial change in position" by not making his March payment. Jones, 230 Cal. App. 4th at 948.  On the other hand, if Plaintiff did have the ability to make his March mortgage payment on time, but decided not to do so relying on the alleged oral agreement, then the Court could conclude that Plaintiff had made a "substantial change in position." Id.  As it is, however, the Complaint does not sufficiently plead detrimental reliance.

Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's third claim with leave to amend.

### D.     Motion to Expunge Notice of Pendency of Action

For all the foregoing reasons, Plaintiff has not established by a preponderance of the evidence the probable validity of a real property claim. See Orange County, 52 F.3d at 823–24.

8

1  However, because the Court is dismissing Plaintiff's claims without prejudice, the Court cannot
2  yet determine if Plaintiff will ultimately be unable to meet his burden.  Therefore, even though the
3  Court "harbors some doubt as to the 'probable validity' of plaintiff's claims," <u>Simmons v. Aurora</u>
4  <u>Bank, FSB</u>, No. 5:13-cv-00482-HRL, 2013 WL 5508136, at *6 (N.D. Cal. Sept. 30, 2013),
5  granting Defendant's motion to expunge at this stage would be premature.  See <u>Mira v. GMAC</u>
6  <u>Mortgage</u>, No. 10-cv-3394-RS, 2010 WL 4010148, at *5 (N.D. Cal. Oct. 13, 2010) ("Because
7  plaintiffs may amend their Complaint, defendant's motion to expunge should at this juncture be
8  denied without prejudice as premature."); <u>Meneses v. CitiMortgage, Inc.</u>, No. 5:11-cv-05227-EJD,
9  2012 WL 1428908, at *3 (N.D. Cal. Apr. 24, 2012) ("Since Plaintiff's Complaint is dismissed
10 with leave to amend, Defendants' Motion to Expunge Lis Pendens is denied without prejudice.").
11 The Court dismisses Defendant's motion to expunge notice of pendency of action without
12 prejudice.
13      Defendant alternatively requests that the Court require Plaintiff to provide an undertaking.
14 ECF No. 12-1 at 5.  The Court may "require the claimant to give the moving party an undertaking
15 as a condition of maintaining the notice in the record title."  Cal. Code Civ. Proc. § 405.34.
16 "Decisions regarding an undertaking requirement are to be governed by normally applicable
17 equitable principles."  <u>Id.</u>, comment 1.  Defendant, however, offers no argument why the Court
18 should exercise its discretion here to require an undertaking.  See ECF No. 12-1 at 5–6.  The Court
19 does not find it necessary to require an undertaking at this time.  See <u>United States v. Real Prop. &</u>
20 <u>Improvements Located at 1419 Camellia Drive, E. Palo Alto, Cal.</u>, No. 09-cv-02577 CW, 2009
21 WL 3297321, at *4 (N.D. Cal. Oct. 13, 2009) (denying request for an undertaking under
22 California Code of Civil Procedure section 405.34 in the court's discretion).  Accordingly,
23 Defendant's request is denied without prejudice.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is hereby granted with leave to amend, and Defendant's motion to expunge is hereby denied without prejudice.

IT IS SO ORDERED.

Dated: January 27, 2016

_____
JON S. TIGAR
United States District Judge